*Ketcham v. City of Mount Vernon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

RONALD KETCHAM,

> *Plaintiff-Appellant,*

v.                                                          No. 24-825

CITY OF MOUNT VERNON, MICHAEL HUTCHINS, ALLEN PATTERSON,

> *Defendants-Appellees.*\*

_____

_____

\*    The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:   DAVID B. SHANIES (Tristan M. Ellis, *on the brief*), David B. Shanies Law Office, New York, NY.

For Defendants-Appellees:   MARYKATE ACQUISTO (Andrew C. Quinn, Lalit K. Loomba, Steven J. Bushnell, *on the brief*), The Quinn Law Firm, PLLC, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew E. Krause, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2023 judgment of the district court is **AFFIRMED**.

Ronald Ketcham appeals from a judgment of the district court following a bench trial in which the court ruled in favor of the City of Mount Vernon, Police Officer Michael Hutchins, and Police Officer Allen Patterson on Ketcham's claims that the officers used excessive force in violation of federal and state law. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to have Magistrate Judge Krause conduct all proceedings and enter judgment in the case.

We review a district court's findings of fact following a bench trial for clear error and its conclusions of law *de novo*. *See GAMCO Invs., Inc. v. Vivendi Universal, S.A.*, 838 F.3d 214, 216 (2d Cir. 2016). We also review *de novo* mixed questions of law and fact. *See Citibank, N.A. v. Brigade Cap. Mgmt., LP*, 49 F.4th 42, 58 (2d Cir. 2022).

On appeal, Ketcham primarily argues that the district court misapplied *Graham v. Connor*, 490 U.S. 386 (1989), when it determined that Officers Hutchins and Patterson used reasonable force during the course of Ketcham's arrest. In *Graham*, the Supreme Court directed factfinders in excessive force cases to pay "careful attention to the facts and circumstances of [a] particular case, including [(1)] the severity of the crime at issue, [(2)] whether the suspect poses an immediate threat to the safety of the officers or others, and [(3)] whether he is actively resisting arrest or attempting to evade arrest by flight." 490 U.S. at 396. This "inquiry is one of objective reasonableness," *id.* at 399 (internal quotation marks omitted), meaning that "the subjective motivations of the individual officers" have no impact on whether a particular use of force is reasonable, *id.* at 397.

Ketcham agrees with the district court's findings with respect to the first two *Graham* factors but asserts that the court erred in concluding that the third factor –

whether Ketcham actively resisted arrest – favored the police officers. According to Ketcham, even though he may have actively resisted arrest in a technical sense, such conduct was justified given that the officers never identified themselves as police officers, were driving an unmarked car, and heard Ketcham screaming for someone to call the police during the ensuing altercation. Ketcham contends that, under these circumstances, a reasonable police officer would not have used force against him. We disagree.

Immediately prior to Ketcham's arrest, Officers Hutchins and Patterson – who were members of the Mount Vernon Police Department Warrant Squad – were in possession of an arrest warrant for a suspect wanted for forcible touching. The officers focused their search on the area where the suspect was believed to reside and had a photograph of the suspect, who resembled Ketcham. After seeing Ketcham on the sidewalk, the officers pulled over their vehicle and approached Ketcham on foot. Although the officers wore plainclothes, "[a]t some point as Patterson approached him, [Ketcham] saw that Patterson was wearing a badge or shield around his neck." Sp. App'x at 3–4. As the officers drew closer, they observed Ketcham adopt a "defensive posture." *Id.* at 16. Ketcham also refused to identify himself and made "challenging" responses to Officer Patterson's

request that he identify himself and to Patterson's announcement that he was "taking [Ketcham] in." *Id.* at 15. When the officers attempted to arrest Ketcham, he physically resisted by twisting his torso, moving his head, and screaming at the top of his lungs. Indeed, Ketcham put up such a fight that "it took [the] officers a period of minutes to ultimately place [him] into handcuffs." *Id.* at 21. When the officers attempted to put Ketcham in the car, he placed his leg on the doorframe to prevent the officers from doing so.

Having reviewed the trial record, we cannot say that the district court clearly erred in its factual findings. And considering those findings in context – that the officers were conducting a targeted search for a suspect that resembled Ketcham, that Patterson wore a badge, that Ketcham refused to identify himself and assumed a defensive posture, and that Ketcham actively resisted the officers' efforts to restrain him over a prolonged period of time – we cannot say that the district court wrongly determined that the officers' use of force was reasonable.[2]

Ketcham also challenges the district court's rejection of his claim that the officers used excessive force when they placed him in handcuffs as part of his

---

[2] Ketcham also challenges the district court's rejection of his claim that Officer Hutchins failed to intervene to prevent Officer Patterson's excessive use of force. But that argument rises and falls with Ketcham's excessive force claim. Since the district court did not err as to that verdict, we likewise affirm its findings on the failure-to-intervene claim.

arrest. According to Ketcham, the district court erred as a matter of law by requiring him to prove that he sustained "serious physical injuries" as a result of the excessively tight handcuffs. Ketcham Br. at 33 (internal quotation marks omitted). But Ketcham's argument mischaracterizes the district court's opinion. Instead of imposing a serious-physical-injury requirement as Ketcham suggests, the district court merely followed our precedent in considering that "the degree of injury to the arrestee's wrists" can be "useful . . . in assessing the soundness of a handcuffing-based excessive force claim." *Cugini v. City of New York*, 941 F.3d 604, 612–13 (2d Cir. 2019) (alterations accepted and internal quotation marks omitted) (noting that courts evaluating the reasonableness of a handcuffing may consider whether "the arrestee's handcuffs were unreasonably tight," whether the police officers "ignored the arrestee's pleas that the handcuffs were too tight," and "the degree of injury to the arrestee's wrists" (alterations accepted and internal quotation marks omitted)). We have made clear that the question in this context "is more broadly whether an officer reasonably should have known during [the] handcuffing that his use of force was excessive." *Id.* at 613. Nothing in the record suggests that the district court misunderstood the legal standard, and we see no

reason to disturb the district court's finding that the officers used reasonable force when they applied his handcuffs.

Finally, Ketcham contends that the district court erred in finding against him on his state-law assault and battery claims. But because we conclude that the officers' use of force was reasonable, Ketcham's state-law claims must also fail. *See Tardif v. City of New York*, 991 F.3d 394, 410 (2d Cir. 2021) (noting that "the elements of New York assault and battery and [s]ection 1983 excessive force claims are 'substantially identical,'" and that we apply a reasonableness standard to both).

\*    \*    \*

We have considered Ketcham's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8